```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

LIVEPERSON, INC.,

                    Plaintiff,
                                              14 Civ. 1559 (RWS)
    - against -
                                                     SEALED
                                                     OPINION

24/7 CUSTOMER, INC.,

                    Defendant.

------------------------------------X

A P P E A R A N C E S:


               Counsel for Plaintiff

               HONIGMAN MILLER SCHWARTZ COHN
               2290 First National Building
               660 Woodward Ave.
               Detroit, MI 48226
               By:  Andrew W. Clark, Esq.
                    Jeffrey K. Lamb, Esq.
                    Jeremey D. Lockhart, Esq.
                    Roger P. Meyers, Esq.

               315 East Eisenhower Parkway
               Ann Arbor, MI 48108
               By:  J. Michael Huget, Esq.
                    Sarah E. Waidelich, Esq.

               COHEN & GRESSER LLP
               800 Third Avenue
               New York, NY 10022
               By:  Christopher T. Wheatley, Esq.
                    Daniel H. Tabak, Esq.
                    Mark S. Cohen, Esq.
                    Sandra C. McCallion, Esq.
```

<u>Counsel for Defendant</u>

O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
By:  Carolyn S. Wall, Esq.

Two Embarcadero Center
San Francisco, CA 94111
By:  David R. Eberhart, Esq.
     George A. Riley, Esq.
     Mark E. Miller, Esq.
     Alexander B. Parker, Esq.
     Elysa Q. Wan, Esq.
     Kelly I. Volkar, Esq.
     Samuel A. Wilson, Esq.

2756 Sand Hill Road
Menlo Park, CA 94025
By:  Susan D. Roeder, Esq.

**Sweet, D.J.,**

Defendant 24/7 Customer, Inc. ("Defendant" or "24/7") has moved to compel identification of alleged trade secrets and for a protective order preventing discovery of confidential software. Plaintiff LivePerson, Inc. ("Plaintiff" or "LivePerson") has cross-moved to compel production of source code, and has moved to compel Defendant to collect and produce documents from relevant custodians and identify the employment status and last location of potential witnesses. As set forth below, Defendant's motion to compel identification of alleged trade secrets and for a protective order is denied, Plaintiff's cross-motion to compel production of source code is granted, and Plaintiff's motion to compel Defendant to collect and produce documents and identify employment status and locations is granted in part and denied in part.

**I.   Prior Proceedings**

Familiarity with the prior proceedings and facts of this case as discussed in the Court's prior opinions is assumed. See LivePerson, Inc. v. 24/7 Customer, Inc., 83 F. Supp. 3d 501 (S.D.N.Y. 2015); Liveperson, Inc. v. 24/7 Customer, Inc., No. 14 CIV. 1559 RWS, 2015 WL 4597546, at *1 (S.D.N.Y. July 30, 2015).

3

Defendant filed the instant motion to compel identification of alleged trade secrets and for a protective order preventing discovery of confidential software on April 1, 2016. Plaintiff filed the instant opposition and cross-motion to compel production of source code on April 8, 2016. Plaintiff subsequently filed the instant motion to compel Defendant to collect and produce documents from relevant custodians and to identify the employment status and last known location of potential witnesses on April 11, 2016. The motions were scheduled returnable on May 5, 2016, at which time all were deemed fully submitted.

## II. Applicable Standards

Rule 26 "create[s] many options for the district judge . . . [to] manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." Crawford-El v. Britton, 523 U.S. 574, 599, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). It "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. at 598. The district court may expand or limit the permitted number and time limits of depositions, direct "the time, place, and manner of discovery, or even bar discovery on

certain subjects," and may "set the timing and sequence of discovery." Id. at 598-99; Fed. R. Civ. P. 26(b)(2)(A).

Consequently, the Court has wide discretion in deciding motions to compel. See Grand Cent. P'ship. Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999). Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed. R. Civ. P. 26. If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. Freydl v. Meringolo, 09 Civ. 07196 (BSJ)(KNF), 2011 WL 256608-7, at *3 (S.D.N.Y. June 16, 2011).

### III. The Motion to Compel Identification of Alleged Trade Secrets and For a Protective Order is Denied and the Cross-Motion to Compel Production of Source Code is Granted

Defendant sought to compel LivePerson to identify the details of all trade secrets and confidential information alleged to have been misappropriated by Defendant, and all documents which contain, refer to, or incorporate by reference

5

the trade secrets and confidential information identified therein. Out of concern that Plaintiff would tailor its trade secret responses to Defendant's source code, Defendant sought a protective order preventing discovery of Defendant's source code until trade secrets at issue had been identified. Plaintiff cross-moved for production of the source code.

After the filing of Defendant's motion, Plaintiff served responses to Defendant's Second Set of Interrogatories, including Interrogatory No. 9, requesting Plaintiff "Identify all trade secrets that [Plaintiff] contend[s] [24]7 has misappropriated." Def.'s Letter of April 26, 2016, Ex. A. ¶9.[1] Defendant challenges the sufficiency of Plaintiff's response. Id.

"[A] defendant is entitled to know the bases for plaintiff's charges against it. The burden is upon the plaintiff

---

[1] LivePerson responded to Interrogatory No. 9 as follows: "LivePerson's tag; the way in which LivePerson's tag and LivePerson's application server communicate; the data transmitted to and from LivePerson's tag; LivePerson's customized designs for its clients' engagement objectives; the way in which LivePerson's applications process website visitor behavior; the way in which LivePerson's applications determine whether to initiate an engagement; the outputs from LivePerson's applications; and the outputs contained in LivePerson's reports, transcripts, data extracts, or other forms." Def.'s Letter of April 26, 2016, Ex. A. ¶9.

to specify those charges, not upon the defendant to guess at what they are." Xerox Corp. v. Int'l Bus. Machines Corp., 64 F.R.D. 367, 371 (S.D.N.Y. 1974). To the extent it has not already done so, Plaintiff is directed to identify all trade secrets and confidential information alleged to have been misappropriated by Defendant, and identify all documents which contain, refer to, or incorporate by reference the trade secrets Plaintiff alleges have been misappropriated, within 21 days of the date of this opinion. See id.

Defendant argues Plaintiff's response to Interrogatory No. 9 is insufficient, but does not identify the specific ways in which Plaintiff's response is impermissibly vague, except that with respect to the identification of "the data transmitted to and from LivePerson's tag," "[t]he response does not identify the data, its purpose, who sends or receives it, or what portions of the data are secret." Def.'s Letter of April 26, 2016. Further, the particularity standards Defendant cites apply at the summary judgment stage. See Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co., 1 F. Supp. 3d 224, 257-261 (S.D.N.Y. 2014), aff'd sub nom. Big Vision Private Ltd. v. E.I. du Pont de Nemours & Co., 610 F. App'x 69 (2d Cir. 2015); Sit-Up Ltd. v. IAC/InterActiveCorp., No. 05 CIV. 9292 (DLC), 2008 WL 463884, at *1 (S.D.N.Y. Feb. 20, 2008). At this stage, Defendant

7

is entitled to notice of Plaintiff's trade secret claims, precisely the response to Interrogatory No. 9. Defendants' motion is therefore denied.

"The importance of source code to this litigation is without doubt, as is the sensitivity of at least a portion of the source code." Liveperson, Inc. v. 24/7 Customer, Inc., No. 14 CIV. 1559 RWS, 2015 WL 4597546, at *5 (S.D.N.Y. July 30, 2015). Plaintiff is entitled to relevant discovery necessary to its claim. Further, whether Plaintiff tailors its trade secret claim on the basis of the produced source code is not dispositive; whether LivePerson's trade secrets were misappropriated by 24[7] is. Plaintiff having put Defendant on notice of the content of its trade secret claims and the Court having adopted Defendant's source code provisions of the protective order, Plaintiff's motion is granted and Defendant is directed to produce its source code within 21 days of the date of this opinion.

## IV. The Motion to Compel Defendant to Collect and Produce Documents from Relevant Custodians and Identify the Employment Status and Last Location of Potential Witnesses is Granted in Part and Denied in Part

Plaintiff sought to compel Defendant to collect and produce documents responsive to Plaintiff's discovery requests from twelve custodians and to provide the employment status and last known location of certain possible witnesses.

With respect to the first request, Plaintiff has identified four individuals from Defendant's initial disclosures, six from Defendant's interrogatory responses, and two supervisory personnel involved in relevant documents filed under seal in this case as custodians likely to have discoverable information.

Plaintiff cites no law requiring Defendant to identify its custodians. However, several of the individuals from whom Plaintiff seeks responsive documents are identified by 24[7]'s own disclosures and interrogatory responses as likely to have discoverable information. To the extent 24[7] has not collected and produced that relevant discovery, Defendant must do so now. The parties are directed to confer in good faith on production; intervention of the court should not be necessary on matters

such as collection of documents from individuals both parties agree are likely to have discoverable information.

With respect to the second request for employment status and location information, after submission of the instant motion, Defendant provided a list of the requested possible witnesses containing employment status, and for some individuals, general location information. The request for employment information is therefore denied as moot. The request to provide last known addresses remains outstanding.

Plaintiff has requested that "When the identification of any person is requested, provide the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment." Pl.'s Reply, Ex. 3 at 4 ¶C. The obligation to provide name and known contact information is a foundational aspect of orderly discovery. See Fed. R. Civ. P. 26(a)(1)(A)(i).

The production provided as attached to the May 9, 2016 correspondence provides location information only for some individuals. For those individuals whom Defendant has provided location information, the location provided is no more specific than an entire city (and for some individuals, only an entire

state or country). This production is insufficient and Defendant is ordered to provide the known address and telephone numbers of each individual Plaintiff has identified as likely to have discoverable information or state its lack of knowledge or relevant information clearly within seven days of the date of this opinion.

**V.   Conclusion**

Based on the conclusions set forth above, Defendant's motion to compel identification of alleged trade secrets and for a protective order is denied, Plaintiff's cross-motion to compel production of source code is granted, and Plaintiff's motion to compel Defendant to collect and produce documents and identify employment status and locations is granted in part and denied in part. This opinion resolves ECF Nos. 100 and 111.

This matter being subject to a Protective Order, the parties are directed to meet and confer regarding redactions to this Opinion consistent with that Order. The parties are further directed to jointly file a proposed redacted version of this Opinion or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion.

It is so ordered.

New York, NY
June 22, 2016

_____
ROBERT W. SWEET
U.S.D.J.