Sweet, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/17

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIVEPERSON, INC.,<br><br>                      Plaintiff,<br><br>vs.<br><br>24/7 CUSTOMER, INC.,<br><br>                      Defendant. | Case No.: 14-CV-01559-RWS<br><br>**STIPULATED MOTION AND ORDER TO TRANSFER CASE TO NORTHERN DISTRICT OF CALIFORNIA** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their undersigned counsel, that, subject to the Court's approval, the above-captioned action shall be transferred to the District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), for requested consolidation with other litigation between the same parties pending there, *24/7 Customer, Inc., et al., v. LivePerson, Inc.*, No. 15-CV-02897-JST (N.D. Cal.) (lead case), and *24/7 Customer, Inc., et al., v. LivePerson, Inc.*, No. 15-CV-05585-JST (N.D. Cal.).

During the October 13, 2016 hearing, this Court inquired about whether the parties had considered consolidation. *See* Oct. 13, 2016 Tr. at 10:22-24 ("But this is parallel litigation, I take it, with the patent case. Is there any thought between counsel as to the desirability of merging these two cases?"). The parties considered the Court's inquiry and agree that convenience of the parties and witnesses favors transfer. *See Bent v. Zounds Hearing Franchising, LLC*, No. 15 CIV. 6555 (PAE), 2016 WL 153092, at *8 n.5 (S.D.N.Y. Jan. 12, 2016) (granting motion to transfer related case and noting that "in many other cases, the interests served by consolidating claims in the same forum have been found so compelling as to outweigh even a binding forum selection clause favoring a different forum"); *Raiber v. Dentsply Int'l, Inc.*, No. 99 CIV. 0743 (AGS), 1999 WL 335821, at *2 (S.D.N.Y. May 24, 1999) ("It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer.").

In addition to jointly consulting with this Court, the parties also jointly approached the courtroom deputy of Northern District of California District Judge Jon S. Tigar to inquire about the procedure for an agreed-upon transfer. In response, Judge Tigar issued the order attached as Exhibit A, indicating that, "[a]fter consultation with Judge Sweet, the parties may file a stipulated motion for transfer to the Northern District of California pursuant to 28 U.S.C. § 1404, which motion should be filed before Judge Sweet," and further that "[t]he parties may represent to Judge Sweet, if he inquires, that the undersigned has no objection to a transfer."

Dated: March 8, 2017

By: /s/ _____

KIRKLAND & ELLIS LLP

Joshua Levicoff Simmons
601 Lexington Avenue
New York, NY 10022
Telephone: 212-446-4800
Fax: 212-446-4900
joshua.simmons@kirkland.com

Michael W De Vries (admitted *pro hac vice*)
Sharre Lotfollahi (admitted *pro hac vice*)
333 South Hope Street
Los Angeles, CA 90071
Telephone: 213-680-8400
Fax: 213-680-8500
michael.devries@kirkland.com
sharre.lotfollahi@kirkland.com

Adam R. Alper (admitted *pro hac vice*)
Robert Kang (admitted *pro hac vice*)
James Beard (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: 415-439-1400
Fax: 415-439-1500
adam.alper@kirkland.com
robert.kang@kirkland.com
james.beard@kirkland.com

*Attorneys for Plaintiff LivePerson, Inc.*

By: /s/ _____

O'MELVENY & MYERS LLP

MARK E. MILLER
markmiller@omm.com
GEOFF YOST (pro hac vice)
gyost@omm.com
ALEXANDER B. PARKER (pro hac vice)
aparker@omm.com
KELLY VOLKAR (pro hac vice)
kvolkar@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Carolyn S. Wall
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: cwall@omm.com

*Attorneys for Defendant 24/7 Customer, Inc.*

**ORDER:**

**PURSUANT TO STIPULATION**, the above-captioned action is hereby transferred to the District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), for requested consolidation with other litigation between the same parties pending there, *24/7 Customer, Inc., et al., v. LivePerson, Inc.*, No. 15-CV-02897-JST (N.D. Cal.) (lead case), and *24/7 Customer, Inc., et al., v. LivePerson, Inc.*, No. 15-CV-05585-JST (N.D. Cal.). In addition to jointly consulting with this Court, the parties also jointly approached the courtroom deputy of Northern District of California District Judge Jon S. Tigar to inquire about the procedure for an agreed-upon transfer. In response, Judge Tigar indicated that, "[a]fter consultation with Judge Sweet, the parties may file a stipulated motion for transfer to the Northern District of California pursuant to 28 U.S.C. § 1404, which motion should be filed before Judge Sweet," and further that "[t]he parties may represent to Judge Sweet, if he inquires, that the undersigned has no objection to a transfer." Pursuant to guidance from Judge Tigar's Courtroom Deputy, this order includes an instruction for the Clerk of the Northern District Court to directly assign the case to Judge Tigar upon transfer.

Dated: 3-9-17

_____
Hon. Robert W. Sweet
United States District Judge

JS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 24/7 CUSTOMER, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIVEPERSON, INC., <br><br> Defendant. | Case No.15-cv-02897-JST <br><br> **ORDER RE TRANSFER OF RELATED ACTION** |

The Court received a telephone call today from counsel for the parties, who requested information on how they might transfer a related case currently pending in the Southern District of New York, LivePerson, Inc. v. 24/7 Customer, Inc., 1:14-cv-01559-RWS, to the undersigned.

The undersigned has no power to effectuate such a transfer. That power lies with Judge Robert W. Sweet, who presides over that case. After consultation with Judge Sweet, the parties may file a stipulated motion for transfer to the Northern District of California pursuant to 28 U.S.C. § 1404, which motion should be filed before Judge Sweet. See, e.g., Pinello v. Andreas Stihl Ag & Co. KG, No. 08 CIV. 1031 (PKL), 2008 WL 6332393, at *1 (S.D.N.Y. Apr. 21, 2008); see also, Tung Tai Grp. v. Florida Transformer, Inc., No. 5:11-CV-02389 EJD, 2011 WL 3471400, at *2 (N.D. Cal. Aug. 8, 2011) (court must evaluate the appropriate § 1404 factors even if the parties stipulate to a transfer). They may also take different or additional steps after consultation with Judge Sweet.

///

///

///

///

The parties may represent to Judge Sweet, if he inquires, that the undersigned has no objection to a transfer.

IT IS SO ORDERED.

Dated: March 3, 2017

JON S. TIGAR
United States District Judge

2