| | |
|---|---|
| DARIN W. SNYDER (S. B. #136003)<br>dsnyder@omm.com<br>MARK E. MILLER (S.B. #130200)<br>markmiller@omm.com<br>GEOFFREY H. YOST (S.B. #159687)<br>gyost@omm.com<br>ANNE E. HUFFSMITH (s.b. #236438)<br>ahuffsmith@omm.com<br>ALEXANDER B. PARKER (S.B. #264705)<br>aparker@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, California 94111-3823<br>Telephone: +1 415 984 8700<br>Facsimile: +1 415 984 8701<br><br>Attorneys for Defendant<br>[24]7.ai, Inc. | MICHAEL W. DE VRIES (S.B. #211001)<br>michael.devries@kirkland.com<br>SHARRE LOTFOLLAHI (S.B. #258913)<br>sharre.lotfollahi @kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500<br><br>Attorneys for Plaintiff<br>LivePerson, Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LivePerson, Inc.,<br>　　　　Plaintiff,<br>　v.<br>[24]7.ai, Inc.,<br>　　　　Defendant. | Case No. 3:17-CV-01268-JST |
| [24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd.,<br>　　　　Plaintiffs,<br>　v.<br>LivePerson, Inc.,<br>　　　　Defendant. | Case No. 3:15-CV-02897-JST (KAW)<br>(Lead Case)<br><br>Case No. 3:15-CV-05585-JST (KAW)<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DEPOSITION HOURS** |

# STIPULATION

WHEREAS, LivePerson, Inc. and ("LivePerson") and [24]7.ai, Inc. and 24/7 Customer Holdings, Inc. (collectively, "[24]7") are conducting depositions of witnesses and Rule 30(b)(6) witnesses who will testify to facts and evidence that pertain to three cases: Case No. 3:17-cv-01268-JST ("the Trade Secret Action") and Case Nos. 3:15-CV-02897-JST (KAW) (Lead Case) and Case No. 3:15-CV-05585-JST (KAW) (collectively, "the Patent Action");

WHEREAS, the parties previously agreed and the Court ordered that in the Patent Action, "each side shall be entitled to 70 hours of fact deposition" (Dkt. No. 306 in Trade Secret Action at 7);

WHEREAS, the parties previously agreed and the Court ordered that in the Trade Secret Action, "each side may take up to 18 depositions of fact witnesses" (*Id.* at 23);

WHEREAS, in the Patent Action, LivePerson has 62 hours of deposition examination time remaining and [24]7 has 70 hours of deposition examination time remaining;

WHEREAS, in the Trade Secret Action, LivePerson has 7 depositions remaining and [24]7 has 10 depositions remaining;

WHEREAS, converting the remaining depositions left in the Trade Secret Case into hours (assuming 7 hours of examination per deposition) and combining the deposition examination time expended to date by each party in both cases, LivePerson has a total of 111 hours of deposition examination and [24]7 has 135 hours of deposition examination remaining;

WHEREFOR, The parties, subject to the approval of the Court, hereby agree and stipulate as follows:

1. Each party's remaining deposition hours will be pooled and apply to all fact depositions, including Rule 30(b)(6) depositions, across both the Trade Secret Action and the Patent Action.
2. These hours may be used in either case.
3. The length of a party's deposition examination is based on time "on the record" or time that the videotape is running, whichever is longer.

4. A deposition may be noticed in either the Patent Action or the Trade Secret Action, and the witness may be asked questions relevant to either action or both actions.

5. The 7-hour limit still applies to each individual witness. Nothing here is intended to change a party's right to seek more than 7 hours of deposition examination time for an individual witness as may be permitted under the Rules.

6. Each individual witness sworn in for testimony by the noticing party shall count for a minimum of 2 hours of deposition examination time by that party, even if the deposition ends short of 2 hours.

7. For third party depositions, the deposition examination time taken for those depositions shall be counted the same as party depositions, as set forth in the above. For third parties, counsel may cross examine the third party deponent without serving a separate subpoena. The party serving the third-party subpoena, or in the case where both parties subpoena the same third party, the party to first serve a subpoena, shall leave a reasonable time for cross-examination by the other party, that time to be agreed to between the parties prior to the commencement of the third-party deposition.

**SO STIPULATED.**

| | | |
|---|---|---|
| Dated: December 13, 2017 | | SHARRE LOTFOLLAHI<br>KIRKLAND & ELLIS LLP |
| | | By: /s/ *Sharre Lotfollahi*<br>    Sharre Lotfollahi |
| | | Attorneys for Plaintiff<br>LivePerson, Inc. |
| Dated: December 13, 2017 | | GEOFFREY H. YOST<br>O'MELVENY & MYERS LLP |
| | | By: /s/ *Geoffrey H. Yost*<br>    Geoffrey H. Yost |
| | | Attorneys for Defendant<br>[24]7.ai, Inc. |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from Sharre Lotfollahi of Kirkland & Ellis, counsel for LivePerson.

Dated: December 13, 2017     O'MELVENY & MYERS LLP

By: /s/ *Geoffrey H. Yost*
    Geoffrey H. Yost

- 3 -

STIPULATION RE: DEPOSITION HOURS
CASE NO. 3:17-CV-01268-JST (KAW)
CASE NO. 3:15-CV-05585-JST

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: <u>December 13</u>, 2017 _____
Honorable Jon S. Tigar
United States District Judge
Northern District of California