| | |
|---|---|
| DARIN W. SNYDER (S. B. #136003)<br>dsnyder@omm.com<br>MARK E. MILLER (S.B. #130200)<br>markmiller@omm.com<br>GEOFFREY H. YOST (S.B. #159687)<br>gyost@omm.com<br>ANNE E. HUFFSMITH (s.b. #236438)<br>ahuffsmith@omm.com<br>ALEXANDER B. PARKER (S.B. #264705)<br>aparker@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, California  94111-3823<br>Telephone:     +1 415 984 8700<br>Facsimile:     +1 415 984 8701<br><br>Attorneys for Defendant<br>[24]7.ai, Inc. | MICHAEL W. DE VRIES  (S.B. #211001)<br>michael.devries@kirkland.com<br>SHARRE LOTFOLLAHI (S.B. #258913)<br>sharre.lotfollahi @kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500<br><br>Attorneys for Plaintiff<br>LivePerson, Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| LivePerson, Inc.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>[24]7.ai, Inc.,<br><br>　　　　　　Defendant. | Case No. 3:17-CV-01268-JST |
| [24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>LivePerson, Inc.,<br><br>　　　　　　Defendant. | Case No. 3:15-CV-02897-JST (KAW)<br>(Lead Case)<br><br>Case No. 3:15-CV-05585-JST (KAW)<br><br>**STIPULATION AND [PROPOSED] ORDER RE: AUTHENTICITY OF THIRD PARTY DOCUMENTS** |

| | |
|---|---|
| 1 | **STIPULATION** |
| 2 | |
| 3 | LivePerson, Inc. and ("LivePerson") and [24]7.ai, Inc. and 24/7 Customer Holdings, Inc. |
| 4 | (collectively, "[24]7") have obtained documents from third parties in response to the service of |
| 5 | subpoenas under Fed. R. Civ. P. 45 in *LivePerson, Inc. v. [24]7.ai, Inc.*, No. 3:17-cv-01268-JST, |
| 6 | and *[24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd. v. LivePerson, Inc.*, Nos. 3:15- |
| 7 | cv-02897-JST (KAW) and 3:15-cv-05585-JST (KAW) (the "Actions"). |
| 8 | The parties, subject to the approval of the Court, hereby agree and stipulate as follows: |
| 9 | 1. Documents produced in the Actions by a third party in response to a subpoena |
| 10 | under Fed. R. Civ. P. 45 ("third-party documents") shall be presumed authentic |
| 11 | within the meaning of Federal Rule of Evidence 901 for the purposes of the |
| 12 | Actions only. |
| 13 | 2. Neither party will object to the authenticity of the third-party documents for |
| 14 | the purposes of the Actions absent good cause. Good cause requires |
| 15 | affirmative evidence that a document is not authentic, such as evidence that a |
| 16 | document is not what it purports to be, is incomplete (e.g., missing or |
| 17 | incomplete pages), or has been modified from the form in which the third party |
| 18 | originally produced it. |
| 19 | 3. For the purposes of the Actions only, a sworn declaration provided by a third |
| 20 | party shall be deemed admissible sworn testimony for the sole purpose of |
| 21 | establishing foundational facts regarding the admissibility of the third-party |
| 22 | documents and [24]7 and LivePerson documents sent to or received from the |
| 23 | third party into evidence, including facts demonstrating the applicability of an |
| 24 | exception to the rule against hearsay pursuant to Federal Rule of Evidence 803. |
| 25 | Any party seeking to admit such a third party declaration must serve such |
| 26 | declaration on the opposing party by May 3, 2018. |
| 27 | **SO STIPULATED.** |
| 28 | |

Dated: February 6 , 2018          SHARRE LOTFOLLAHI
                                  KIRKLAND & ELLIS LLP


                                  By:  /s/ *Sharre Lotfollahi*
                                       Sharre Lotfollahi

                                  Attorneys for Plaintiff
                                  LivePerson, Inc.


Dated: February 6, 2018           GEOFFREY H. YOST
                                  O'MELVENY & MYERS LLP


                                  By:  /s/ *Geoffrey H. Yost*
                                       Geoffrey H. Yost

                                  Attorneys for Defendant
                                  [24]7.ai, Inc.


## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from Sharre Lotfollahi of Kirkland & Ellis, counsel for LivePerson.

Dated: February 6, 2018           O'MELVENY & MYERS LLP


                                  By:     /s/ *Geoffrey H. Yost*
                                       Geoffrey H. Yost

|   |   |
|---|---|
| 1 | **ORDER** |
| 2 | 1. Documents produced in the Actions by a third party in response to a subpoena |
| 3 | under Fed. R. Civ. P. 45 ("third-party documents") shall be presumed authentic |
| 4 | within the meaning of Federal Rule of Evidence 901 for the purposes of the |
| 5 | Actions only. |
| 6 | 2. Neither party will object to the authenticity of the third-party documents for |
| 7 | the purposes of the Actions absent good cause. Good cause requires |
| 8 | affirmative evidence that a document is not authentic, such as evidence that a |
| 9 | document is not what it purports to be, is incomplete (e.g., missing or |
| 10 | incomplete pages), or has been modified from the form in which the third party |
| 11 | originally produced it. |
| 12 | 3. For the purposes of the Actions only, a sworn declaration provided by a third |
| 13 | party shall be deemed admissible sworn testimony for the sole purpose of |
| 14 | establishing foundational facts regarding the admissibility of the third-party |
| 15 | documents and [24]7 and LivePerson documents sent to or received from the |
| 16 | third party into evidence, including facts demonstrating the applicability of an |
| 17 | exception to the rule against hearsay pursuant to Federal Rule of Evidence 803. |
| 18 | Any party seeking to admit such a third party declaration must serve such |
| 19 | declaration on the opposing party by May 3, 2018. |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February 7, 2018

_____
Honorable Jon S. Tigar
United States District Judge
Northern District of California