# EXHIBIT A

Michael W. De Vries (S.B.N. 211001)
Sharre Lotfollahi (S.B.N. 258913)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: michael.devries@kirkland.com
Email: sharre.lotfollahi@kirkland.com

Adam R. Alper (S.B.N. 196834)
Robert Kang (S.B.N. 274389)
James W. Beard (S.B.N. 267242)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: adam.alper@kirkland.com
Email: robert.kang@kirkland.com
Email: james.beard@kirkland.com

Joshua L. Simmons (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joshua.simmons@kirkland.com

*Attorneys for Plaintiff LivePerson, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LivePerson, Inc.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>[24]7.ai, Inc. (f/k/a 24/7 Customer, Inc.),<br><br>　　　　Defendant. | Case No. 3:17-CV-01268-JST<br><br>**PLAINTIFF LIVEPERSON, INC.'S RESPONSES TO DEFENDANT'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 221–227)** |

Plaintiff LivePerson, Inc. ("LivePerson") hereby provides its responses and objections to Defendant 24/7 Customer, Inc.'s ("Defendant's") Ninth Set of Requests for Production of Documents to Plaintiff LivePerson, Inc.

**GENERAL OBJECTIONS**

1. LivePerson will respond to these requests as if they are directed only to documents within its possession, custody or control.

2. These responses are based upon documents presently available to and located by LivePerson and are given without prejudice to LivePerson's right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

3. By producing or failing to produce some or all of the requested documents, LivePerson does not concede the relevance or materiality of any request or the subject to which it relates.

4. LivePerson objects to these requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Nothing contained in these responses is intended to be, or in any way shall be deemed, a waiver of such an available privilege or doctrine.

5. Inadvertent production of information by LivePerson shall not constitute waiver of any applicable privilege or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6. LivePerson objects to these requests to the extent they call for information protected by the United States Constitution, California Constitution, and any applicable statutes, including, but not limited to, the right of privacy.

7. LivePerson objects to these requests to the extent they purport to impose obligations upon LivePerson beyond the scope of the Federal Rules of Civil Procedure or local rules. LivePerson will respond in accordance with the applicable rules and the decisions interpreting them.

8. LivePerson objects to these requests to the extent they seek information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties' resources, and/or the importance of the discovery in resolving the issues.

9. LivePerson objects to these requests to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

10. LivePerson objects to these requests to the extent that they are premature in that they seek information not known or not yet discovered by LivePerson, or information that will be produced at a later time or as otherwise ordered. LivePerson reserves the right to correct, amend, modify and/or supplement all of its responses upon discovery of relevant information, or in accordance with the Federal Rules of Civil Procedure or the Northern District of California Local Civil Rules.

11. LivePerson objects to these requests to the extent they are duplicative.

12. LivePerson objects to these requests to the extent they characterize disputed facts or imply any particular legal conclusion. LivePerson does not concede the truth or accuracy of any statement in these requests.

13. LivePerson objects to these requests to the extent they purport to require LivePerson, prior to determining what documents are responsive to a request, to reach a legal conclusion.

14. LivePerson objects to these requests to the extent they are not limited to a time-period that is relevant to this action.

15. In responding to these requests, LivePerson does not in any way waive or intend to waive, but rather preserve and intend to preserve:

(i) All objections as to competency, authenticity, relevancy, materiality and admissibility;

(ii) All rights to object on any grounds to use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

(iii) All objections as to vagueness and ambiguity; and

(iv) All rights to object to any grounds to any further document requests.

16. A response indicating that LivePerson will produce responsive documents is not a representation or statement of belief that any such documents exist or have existed.

17. As used in these responses, the term "privilege" encompasses the attorney-client privilege, attorney work-product doctrine, and any other statutory or common law protection from discovery for certain kinds of information, including any such protections under the Federal Rules of Civil Procedure.

18. LivePerson objects to the extent any Request purports to seek electronic communications (emails) without satisfying the requirements set forth in the Court's October 21, 2015 Electronic Discovery Order.

19. LivePerson objects to Defendant's definition of "LivePerson," "You," and "Your" on the basis that it is vague and ambiguous at least with respect to the meaning of "parents, divisions, subsidiaries, affiliates, partners, directors, officers, members, employees, agents, representatives, past or present enterprises, attorneys, advisors (including financial advisors), and any other persons under the control of LivePerson, Inc." Further, it is overly broad and unduly burdensome to the extent that it includes entities that are outside of LivePerson's control. For purposes of these requests for production, LivePerson reads all the terms "LivePerson," "You," and "Your" as referring to LivePerson.

20. LivePerson objects to Defendant's definitions of "TouchCommerce," "RightNow Technologies," and "Salesforce" on the basis that these terms are vague and ambiguous at least with respect to the meaning of "parents, divisions, subsidiaries, affiliates, partners, and past or present enterprises."

21. LivePerson objects to Defendant's definitions of "Chat Platform," "Chat Transcript(s)," "Data Output(s)," and "Rules" as vague, ambiguous, and overly broad.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 221:**

All documents constituting and/or referencing any Data Outputs that were (1) derived from any Chat Platform other than LivePerson's and (2) used, reviewed, or analyzed by LivePerson to develop, adjust, and/or customize LivePerson's Chat Platform to (a) gain or seek to gain business from any customer or potential customer or (b) provide service to any customer or potential customer.

3

PLAINTIFF LIVEPERSON, INC.'S RESPONSES TO DEFENDANT'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

CASE NO. 3:17-CV-01268

**RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

In addition to its general objections, LivePerson objects that this Request is overly broad, unduly burdensome, compound, does not describe the documents sought with reasonable particularity, and seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of relevant and admissible evidence. LivePerson objects to this Request as not proportional to the needs of this case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit. LivePerson further objects to the vague, overbroad, and unduly burdensome phrase "[a]ll documents constituting and/or referencing." LivePerson objects to this Request because this Request seeks documents without any limitation that relates to this litigation. LivePerson objects to the extent this Request calls for documents not related to products and services at issue in this matter. LivePerson also objects to the extent this Request is not limited as to time. LivePerson also objects to the extent this Request calls for information, documents, and/or things protected from disclosure, including by the attorney-client privilege, work-product doctrine, and common-interest privilege. LivePerson objects that this Request is duplicative of prior requests for which LivePerson has already produced 1.8 million documents.

Subject to and without waiver of these and its General Objections, LivePerson responds as follows: LivePerson is willing to meet and confer to discuss the relevance (if any) of the documents sought by this request as well as the specific documents sought by 24/7. LivePerson is willing to meet and confer to discuss the specific documents responsive to this request that 24/7 contends have not been produced to-date and determine an appropriate scope for any such collection, and to address the above listed objections. LivePerson reserves the right to amend, expand on, or supplement the response given herein.

**REQUEST FOR PRODUCTION NO. 222:**

All documents constituting and/or referencing any Data Outputs that were (1) derived from any Chat Platform other than LivePerson's and (2) used, reviewed, or analyzed by LivePerson to conduct any testing or comparison, including without limitation head-to-head, champion/challenger, or A/B tests, of LivePerson's Chat Platform against another Chat Platform to (a) gain or seek to gain

business from any customer or potential customer or (b) provide service to any customer or potential customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

In addition to its general objections, LivePerson objects that this Request is overly broad, unduly burdensome, compound, does not describe the documents sought with reasonable particularity, and seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of relevant and admissible evidence. LivePerson objects to this Request as not proportional to the needs of this case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit. LivePerson further objects to the vague, overbroad, and unduly burdensome phrase "[a]ll documents constituting and/or referencing." LivePerson objects to this Request because this Request seeks documents without any limitation that relates to this litigation. LivePerson objects to the extent this Request calls for documents not related to products and services at issue in this matter. LivePerson also objects to the extent this Request is not limited as to time. LivePerson also objects to the extent this Request calls for information, documents, and/or things protected from disclosure, including by the attorney-client privilege, work-product doctrine, and common-interest privilege. LivePerson objects that this Request is duplicative of prior requests for which LivePerson has already produced 1.8 million documents.

Subject to and without waiver of these and its General Objections, LivePerson responds as follows: LivePerson is willing to meet and confer to discuss the relevance (if any) of the documents sought by this request as well as the specific documents sought by 24/7. LivePerson is willing to meet and confer to discuss the specific documents responsive to this request that 24/7 contends have not been produced to-date and determine an appropriate scope for any such collection, and to address the above listed objections. LivePerson reserves the right to amend, expand on, or supplement the response given herein.

**REQUEST FOR PRODUCTION NO. 223:**

All documents constituting and/or referencing any Chat Transcripts that were (1) derived from any Chat Platform other than LivePerson's and (2) used, reviewed, or analyzed by LivePerson to develop, adjust, and/or customize LivePerson's Chat Platform to (a) gain or seek to gain business from any customer or potential customer or (b) provide service to any customer or potential customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

In addition to its general objections, LivePerson objects that this Request is overly broad, unduly burdensome, compound, does not describe the documents sought with reasonable particularity, and seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of relevant and admissible evidence.  LivePerson objects to this Request as not proportional to the needs of this case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit.  LivePerson further objects to the vague, overbroad, and unduly burdensome phrase "[a]ll documents constituting and/or referencing."  LivePerson objects to this Request because this Request seeks documents without any limitation that relates to this litigation. LivePerson objects to the extent this Request calls for documents not related to products and services at issue in this matter.  LivePerson also objects to the extent this Request is not limited as to time. LivePerson also objects to the extent this Request calls for information, documents, and/or things protected from disclosure, including by the attorney-client privilege, work-product doctrine, and common-interest privilege.  LivePerson objects that this Request is duplicative of prior requests for which LivePerson has already produced 1.8 million documents.

Subject to and without waiver of these and its General Objections, LivePerson responds as follows:  LivePerson is willing to meet and confer to discuss the relevance (if any) of the documents sought by this request as well as the specific documents sought by 24/7.  LivePerson is willing to meet and confer to discuss the specific documents responsive to this request that 24/7 contends have not been produced to-date and determine an appropriate scope for any such collection, and to address the

6

above listed objections. LivePerson reserves the right to amend, expand on, or supplement the response given herein.

**REQUEST FOR PRODUCTION NO. 224:**

All documents constituting and/or referencing any Chat Transcripts that were (1) derived from any Chat Platform other than LivePerson's and (2) used, reviewed, or analyzed by LivePerson to conduct any testing or comparison, including without limitation head-to-head, champion/challenger, or A/B tests, of LivePerson's Chat Platform against another Chat Platform to (a) gain or seek to gain business from any customer or potential customer or (b) provide service to any customer or potential customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

In addition to its general objections, LivePerson objects that this Request is overly broad, unduly burdensome, compound, does not describe the documents sought with reasonable particularity, and seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of relevant and admissible evidence. LivePerson objects to this Request as not proportional to the needs of this case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit. LivePerson further objects to the vague, overbroad, and unduly burdensome phrase "[a]ll documents constituting and/or referencing." LivePerson objects to this Request because this Request seeks documents without any limitation that relates to this litigation. LivePerson objects to the extent this Request calls for documents not related to products and services at issue in this matter. LivePerson also objects to the extent this Request is not limited as to time. LivePerson also objects to the extent this Request calls for information, documents, and/or things protected from disclosure, including by the attorney-client privilege, work-product doctrine, and common-interest privilege. LivePerson objects that this Request is duplicative of prior requests for which LivePerson has already produced 1.8 million documents.

Subject to and without waiver of these and its General Objections, LivePerson responds as follows: LivePerson is willing to meet and confer to discuss the relevance (if any) of the documents sought by this request as well as the specific documents sought by 24/7. LivePerson is willing to meet

and confer to discuss the specific documents responsive to this request that 24/7 contends have not been produced to-date and determine an appropriate scope for any such collection, and to address the above listed objections.  LivePerson reserves the right to amend, expand on, or supplement the response given herein.

**REQUEST FOR PRODUCTION NO. 225:**

All documents constituting and/or referencing any Rules that LivePerson obtained that were (1) not developed by LivePerson and (2) used, reviewed, or analyzed by LivePerson to develop, adjust, and/or customize LivePerson's Chat Platform to (a) gain or seek to gain business from any customer or potential customer or (b) provide service to any customer or potential customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

In addition to its general objections, LivePerson objects that this Request is overly broad, unduly burdensome, compound, does not describe the documents sought with reasonable particularity, and seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of relevant and admissible evidence.  LivePerson objects to this Request as not proportional to the needs of this case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit.  LivePerson further objects to the vague, overbroad, and unduly burdensome phrase "[a]ll documents constituting and/or referencing."  LivePerson objects to this Request because this Request seeks documents without any limitation that relates to this litigation.  LivePerson objects to the extent this Request calls for documents not related to products and services at issue in this matter.  LivePerson also objects to the extent this Request is not limited as to time.  LivePerson also objects to the extent this Request calls for information, documents, and/or things protected from disclosure, including by the attorney-client privilege, work-product doctrine, and common-interest privilege.  LivePerson objects that this Request is duplicative of prior requests for which LivePerson has already produced 1.8 million documents.

Subject to and without waiver of these and its General Objections, LivePerson responds as follows:  LivePerson is willing to meet and confer to discuss the relevance (if any) of the documents sought by this request as well as the specific documents sought by 24/7.  LivePerson is willing to meet

8

and confer to discuss the specific documents responsive to this request that 24/7 contends have not been produced to-date and determine an appropriate scope for any such collection, and to address the above listed objections.  LivePerson reserves the right to amend, expand on, or supplement the response given herein.

**REQUEST FOR PRODUCTION NO. 226:**

All documents constituting and/or referencing any Rules that LivePerson obtained that were (1) not developed by LivePerson and (2) used, reviewed, or analyzed by LivePerson to conduct any testing or comparison, including without limitation head-to-head, champion/challenger, or A/B tests, of LivePerson's Chat Platform against another Chat Platform to (a) gain or seek to gain business from any customer or potential customer or (b) provide service to any customer or potential customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

In addition to its general objections, LivePerson objects that this Request is overly broad, unduly burdensome, compound, does not describe the documents sought with reasonable particularity, and seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of relevant and admissible evidence.  LivePerson objects to this Request as not proportional to the needs of this case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit.  LivePerson further objects to the vague, overbroad, and unduly burdensome phrase "[a]ll documents constituting and/or referencing."  LivePerson objects to this Request because this Request seeks documents without any limitation that relates to this litigation. LivePerson objects to the extent this Request calls for documents not related to products and services at issue in this matter.  LivePerson also objects to the extent this Request is not limited as to time.  LivePerson also objects to the extent this Request calls for information, documents, and/or things protected from disclosure, including by the attorney-client privilege, work-product doctrine, and common-interest privilege.  LivePerson objects that this Request is duplicative of prior requests for which LivePerson has already produced 1.8 million documents.

Subject to and without waiver of these and its General Objections, LivePerson responds as follows: LivePerson is willing to meet and confer to discuss the relevance (if any) of the documents sought by this request as well as the specific documents sought by 24/7. LivePerson is willing to meet and confer to discuss the specific documents responsive to this request that 24/7 contends have not been produced to-date and determine an appropriate scope for any such collection, and to address the above listed objections. LivePerson reserves the right to amend, expand on, or supplement the response given herein.

**REQUEST FOR PRODUCTION NO. 227:**

All documents constituting and/or referencing any pricing information, cost information and/or marketing strategies that LivePerson obtained regarding any competitor's Chat Platform, including but not limited to the Chat Platform of [24]7, TouchCommerce, RightNow Technologies, and Salesforce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

In addition to its general objections, LivePerson objects that this Request is overly broad, unduly burdensome, compound, does not describe the documents sought with reasonable particularity, and seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of relevant and admissible evidence. LivePerson objects to this Request as not proportional to the needs of this case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit. LivePerson further objects to the vague, overbroad, and unduly burdensome phrase "[a]ll documents constituting and/or referencing." LivePerson objects to this Request because this Request seeks documents without any limitation that relates to this litigation. LivePerson objects to the extent this Request calls for documents not related to products and services at issue in this matter. LivePerson also objects to the extent this Request is not limited as to time. LivePerson also objects to the extent this Request calls for information, documents, and/or things protected from disclosure, including by the attorney-client privilege, work-product doctrine, and common-interest privilege. LivePerson objects that this Request is duplicative of prior requests for which LivePerson has already produced 1.8 million documents.

1   Subject to and without waiver of these and its General Objections, LivePerson responds as
2   follows:  LivePerson is willing to meet and confer to discuss the relevance (if any) of the documents
3   sought by this request as well as the specific documents sought by 24/7.  LivePerson is willing to meet
4   and confer to discuss the specific documents responsive to this request that 24/7 contends have not
5   been produced to-date and determine an appropriate scope for any such collection, and to address the
6   above listed objections.  LivePerson reserves the right to amend, expand on, or supplement the
7   response given herein.

DATED:  December 13, 2017                     Respectfully submitted,

  /s/ Sharre Lotfollahi

Michael W. De Vries
Sharre Lotfollahi
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500
Email:  michael.devries@kirkland.com
Email:  sharre.lotfollahi@kirkland.com

Adam R. Alper
Robert Kang
James Beard
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
Telephone:     (415) 439-1400
Facsimile:     (415) 439-1500
Email:  adam.alper@kirkland.com
Email:  robert.kang@kirkland.com
Email:  james.beard@kirkland.com

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  joshua.simmons@kirkland.com

*Attorneys for Plaintiff LivePerson, Inc.*

PLAINTIFF LIVEPERSON, INC.'S RESPONSES TO DEFENDANT'S                          CASE NO. 3:17-CV-01268
NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS