UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVEPERSON, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>[24]7.AI, INC.,<br><br>        Defendant. | Case No. 3:17-cv-01268-JST (KAW)<br><br>**ORDER REGARDING 2/8/18 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 340 |

On February 8, 2018, the parties filed a joint discovery letter pertaining to [24]7.AI, Inc.'s Request for Production of Documents Nos. 221-226. (Joint Letter, Dkt. No. 340.)

Upon review of the joint letter, and for the reasons set forth below, the Court finds that the, as narrowed, the requests are proportional under Federal Rule of Civil Procedure 26, and orders LivePerson to provide supplemental responses to the requests for production within 14 days of this order.

## I. BACKGROUND

On March 6, 2014, LivePerson filed a lawsuit against [24]7, alleging that 24[7] improperly used LivePerson's confidential information and engaged in trade secret misappropriation, and unfair competition. (Joint Letter at 1.) On June 22, 2015, [24]7 filed a lawsuit against LivePerson, alleging infringement on several patents pertaining to its customer engagement software platform. In 2017, LivePerson filed the instant related lawsuit against [24]7.

[24]7 propounded its ninth set of requests for production of documents. (Joint Letter, Ex. A.) On December 13, 2017, LivePerson served its responses, which consisted of virtually identical objections to each of the requests, rather than substantive responses. *Id.*

On February 8, 2018, the parties filed the instant joint letter in which [24]7 seeks to

compel further responses to six requests for production of documents.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III. DISCUSSION

[24]7's Request Nos. 221-226 seek documents related to whether LivePerson used information belonging to third-party chat providers when LivePerson was competing with [24]7 for a customer's business. (Joint Letter at 1.) LivePerson filed virtually identical objections to these requests. (Joint Letter at 1.) During the meet and confer process, [24]7 agreed to narrow the scope of the request to eight specific customers, and is only seeking the following information:

> (1) All Data Outputs, Rules, and Chat Transcripts originating from a non-LivePerson chat platform and provided to LivePerson as part of a pitch, proof of concept, A/B test, champion challenger test, or similar test or sales process by American Express, Grainger, Lowe's, Sears, State Farm, Time Warner Cable, TalkTalk, and Toys "R" Us, (2) documents sufficient to describe the reason those Data Outputs, Rules, and Chat Transcripts were provided and the way LivePerson used them, and (3) all Design Requirement Documents (also known as "DRDs") for those customers dated to six months after they began using LivePerson as a chat platform, or earlier.

2

(Joint Letter at 2.) [24]7 argues that the narrowed scope of the requests are now proportional to the needs of the case. (Joint Letter at 3.)

In opposition, LivePerson contends that the requests are duplicative of other [24]7 requests for production. (Joint Letter at 4.) In 2015, [24]7 requested

> [a]ll Documents that related to LivePerson's development of new products and/or product lines from January 1, 2005 to present . . . ." RFP No. 68. In 2016, [24]7 requested "[a]ll Documents relating to LivePerson's development of any solution, method, or process based on or using data generated by [24]7's software." RFP No. 138.

*Id.* In responding to prior requests, LivePerson produced more than 10 million pages of documents. *Id.* In response, [24]7 argues that LivePerson's voluminous production says "nothing about whether it produced documents responsive to these requests. Never in its objections, in meet and confer, or in its opposition does LivePerson contend that it has already searched for documents showing LivePerson's use of third party data to compete for customers or to customize its implementations." (Joint Letter at 3.) While LivePerson has already responded to requests seeking documents pertaining to the development of new products based on data generated from [24]7's software, [24]7 explains that it now seeks third-party information, because LivePerson did not disclose until October 12, 2017 that "its trade secrets was information that [24]7 received, without restriction, from LivePerson or its customers." (Joint Letter at 3.) Thus, [24]7 believes that, as narrowed, these requests "ensure that the responsive documents will show a direct comparison of how LivePerson and [24]7 used third-party information in competing for and implementing their respective chat platforms." (Joint Letter at 4.)

The Court notes that LivePerson does not dispute that it only recently disclosed the theory of the source of its trade secret information. Thus, it could be prejudicial to forbid discovery based simply on the timing of the dispute given that the requests were diligently propounded one month later. The Court, however, notes that the requests are not all sufficiently narrowed temporally. Accordingly, the Court finds that [24]7's proposed narrowing to be proportional under Rule 26 so long as the relevant time period is limited to January 1, 2005 to present for categories (1) and (2), which is the relevant time period applicable to or as specified in the prior requests for production of documents. (*See* Joint Letter at 4.)

3

## IV. CONCLUSION

For the reasons set forth above, the Court compels LivePerson to serve supplemental responses to the narrowed requests within 14 days of this order.

IT IS SO ORDERED.

Dated: March 9, 2018

KANDIS A. WESTMORE
United States Magistrate Judge