UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVEPERSON, INC., <br><br> Plaintiff, <br><br> v. <br><br> [24]7.AI, INC., <br><br> Defendant. | Case No. 3:17-cv-01268-JST (KAW) <br><br> **ORDER REGARDING 2/23/18 JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 350 |

On February 23, 2018, the parties submitted a joint discovery letter regarding [24]7's subpoena to depose former LivePerson Chief Financial Officer Daniel Murphy. (Joint Letter, Dkt. No. 350.)

Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, finds that [24]7 has met its burden of showing that the deposition of Mr. Murphy is proportional to the needs of the case.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court...."

The Federal Rules of Civil Procedure also broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome,

or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The party seeking the protective order has the burden of showing good cause by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

## II. DISCUSSION

The joint letter concerns [24]7's deposition subpoena to former LivePerson chief financial officer Daniel Murphy, who left the company on February 21, 2018. (*See* Joint Letter at 1.)

In support of its request for protective order,[1] LivePerson claims that Mr. Murphy's deposition is prohibited by the "apex doctrine," because [24]7 has not shown that he possesses "unique, non-repetitive, first-hand knowledge of facts" warranting such discovery and that undergoing a deposition would constitute an undue burden. (Joint Letter at 2.) "When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), the court may exercise its discretion under the federal rules to limit discovery." *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011); *see also Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012). Generally, "[i]n determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Affinity Labs*, 2011 WL 1753982, at *15

---

[1] The Court notes that the request for protective order is jointly sought by Mr. Murphy and LivePerson. (Joint Letter at 1.)

(citing *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007). "The apex deposition principle is not an automatic bar that Plaintiffs must overcome by a showing of good cause." *In Re Nat'l W. Life Ins. Deferred Annuities Litig.*, 2011 WL 1304587, at *4 n. 2 (S.D. Cal. Apr. 6, 2011); *see also Powertech Tech., Inc. v. Tessera, Inc.,* 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013). "Rather, it is a protective tool that is selectively employed on a case by case basis when deemed appropriate." *In Re Nat'l W. Life Ins. Deferred Annuities Litig.*, 2011 WL 1304587, at *4 n. 2.

Here, [24]7's representation regarding Mr. Murphy's prior position at LivePerson indicates that he may possess unique, first-hand knowledge of relevant facts, because he "led the charge on LivePerson's financial analyses and strategy, directing and revising LivePerson's customer attrition and renewal reports as well as its revenue and bookings forecasts[, which] are relevant to both causation and damages." (Joint Letter at 4.) Mr. Murphy also wrote emails discussing LivePerson's competition with [24]7 and the alleged loss of the customers at issue in this litigation. *Id.* [24]7 also contends that "Mr. Murphy's comprehensive knowledge of LivePerson's financials is unique, particularly with respect to LivePerson's customer attrition analysis, which Mr. Murphy personally summarized for CEO Robert LoCascio and presented to the board of directors." (Joint Letter at 5.) The Court also notes that, until recently, Mr. Murphy was included on LivePerson's initial disclosures as a witness with discoverable knowledge who would support its case. (Joint Letter at 4.) "[W]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *WebSideStory*, 2007 WL 1120567, at *2. There is also no indication that [24]7 seeks to depose Mr. Murphy for an improper purpose, such as harassment. *See id.* (citing *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364 (D.C. R.I. 1985).

Moreover, the Court does not find the apex doctrine determinative, because Mr. Murphy is no longer employed by LivePerson. *See Carroll v. Wells Fargo & Co.*, 2016 WL 8673482, at *3 (N.D. Cal. Dec. 9, 2016). While Mr. Murphy's departure was recent, such that LivePerson's responses to written discovery based on corporate knowledge should have included the information that he possesses, this does not mean that [24]7 should be deprived of asking him

3

questions about documents he authored or how he conveyed his knowledge to others, including LivePerson's CEO and the company's board of directors. (*See* Joint Letter at 4-5.) Similarly, given his high level position at the company, and the disclosure that he is a witness with relevant knowledge, the depositions of other employees may not necessarily overlap with his personal knowledge. Since Mr. Murphy is no longer employed by LivePerson, a deposition is virtually the only discovery method available to ascertain his personal knowledge. If Mr. Murphy does not possess relevant, first-hand knowledge, the deposition should be short, and the resulting burden minimal.

Notwithstanding, [24]7 must show that the deposition is proportional to the needs of the case under Rule 26. While the undersigned is somewhat concerned that [24]7 did not ask the two corporate witnesses questions regarding "customer attrition analyses or strategy," the Court finds that [24]7 has met its burden given that the undersigned has found that the apex doctrine is not determinative. (*See* Joint Letter at 3-5.)

In seeking a protective order, LivePerson and Mr. Murphy have not sufficiently demonstrated what harm or prejudice would result from the deposition going forward beyond the argument that the apex doctrine should preclude the deposition and that the deposition would generally impose an undue burden. (*See* Joint Letter at 3.) As a result, the request for protective order is denied.

Accordingly, [24]7 is permitted to take Mr. Murphy's deposition.

### III. CONCLUSION

In light of the foregoing, [24]7' request to compel compliance with Mr. Murphy's deposition subpoena is granted, and LivePerson and Mr. Murphy's joint request for a protective order is denied. The parties shall meet and confer regarding scheduling.

IT IS SO ORDERED.

Dated: March 14, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

4