UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVEPERSON, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>[24]7.AI, INC.,<br><br>　　　　　Defendant. | Case No. 17-cv-01268-JST<br><br>**ORDER RE CERTAIN MOTIONS IN LIMINE AND DISPUTED JURY INSTRUCTIONS**<br><br>Re: ECF No. 571, 572, 574, 608 |

Following are the Court's rulings on certain motions in limine and disputed jury instructions that were discussed, but not ruled upon, at the September 13, 2019, pretrial conference:

LivePerson's Motion in Limine No. 1 to Exclude Argument, Evidence, or Testimony that LivePerson Rules Present in [24]7's System are Deactivated. This motion is granted. The Court finds that [24]7 failed to disclose its contention that it deactivated LivePerson's rules even though it was under an obligation to do so. At minimum, [24]7 should have made this disclosure in its Supplemental Responses to LivePerson's Questions Regarding Use of the Alleged Trade Secrets. See ECF No. 567-6. [24]7 suggests that it met any obligation of disclosure because it already disclosed that it ceased using, or migrated away from, LivePerson's rules. See, e.g., ECF No. 586 at 6-7 (arguing that [24]7's discovery responses "support [24]7, showing that [24]7 disclosed that use of LivePerson rules was temporary and that [24]7 ceased using LivePerson's rules"). This argument is not persuasive. The act of removing rules one's from software is different from deactivating those rules: a deactivated rule may still be present in the software. Thus, by disclosing that [24]7 ceased using LivePerson's rules, [24]7 did not disclose that it had deactivated them.

1     <u>[24]7's Motion In Limine No. 3 To Exclude Arguments Relating to [24]7's Use of Alleged

2 Trade Secrets Beyond the Chat Implementations at Specific Customers to Which the Alleged

3 Trade Secrets Relate</u>. This motion is denied. The extent to which [24]7's alleged

4 misappropriation of LivePerson's trade secrets enabled [24]7 to build its chat platform, if any, is

5 an issue for the jury to decide. Motions *in limine* are not an appropriate means to resolve factual

6 disputes or weigh evidence. *Sec. & Exch. Comm'n v. Sabrdaran*, No. 14-CV-04825-JSC, 2016

7 WL 7826653, at *2 (N.D. Cal. Oct. 20, 2016).

8     <u>[24]7's Motion in Limine No. 4 to Exclude Evidence and Arguments Relating to [24]7 Not

9 Using a Clean Room</u>. This motion is denied. Under Rule 401's broad standard of relevance for

10 admissibility purposes, *e.g., United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir.

11 1981), evidence that [24]7 did not use a clean room is relevant because there will be testimony that

12 such lack of use was not commercially reasonable, and the absence of a clean room made

13 misappropriation of trade secrets more likely. "Relevance is not a strict test." *United States Equal

14 Employment Opportunity Comm'n v. Placer ARC*, 147 F. Supp. 3d 1053, 1062 (E.D. Cal. 2015).

15 The Court also finds no unfair prejudice to [24]7. *See* Fed. R. Evid. 403.

16     <u>Special Jury Instruction No. 1</u>. The Court will include LivePerson's suggested phrase,

17 "where the components of the combination are publicly known." The Court will not include, for

18 now, either LivePerson's suggested sentence, "Another example is where one knowingly uses

19 access provided for one purpose to accomplish a different purpose," or [24]7's suggested sentence,

20 "Another example is where one knowingly exceeds the scope of authorized access by

21 misrepresenting the nature of its use to the party providing the information." Either party may

22 request that its suggested sentence, or an alternative version, be given at the end of the trial. Such

23 request should be made sufficiently far in advance that each side can support its position with

24 written authority.

25 / / /

26 / / /

27 / / /

28 / / /

Punitive Damages.  The Court will not include either party's suggested language.

**IT IS SO ORDERED.**

Dated:  September 15, 2019



JON S. TIGAR
United States District Judge