| | |
|---|---|
| Michael W. De Vries (S.B.N. 211001)<br>Sharre Lotfollahi (S.B.N. 258913)<br>Benjamin A. Herbert (S.B.N. 277356)<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500<br>Email: michael.devries@kirkland.com<br>Email: sharre.lotfollahi@kirkland.com<br>Email: benjamin.herbert@kirkland.com | Darin W. Snyder (State Bar No. 136003)<br>dsnyder@omm.com<br>Mark E. Miller (State Bar No. 130200)<br>markmiller@omm.com<br>Geoffrey H. Yost (State Bar No. 159687)<br>gyost@omm.com<br>Alexander B. Parker (State Bar No. 264705)<br>aparker@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111-3823<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701 |
| Adam R. Alper (S.B.N. 196834)<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br>Email: adam.alper@kirkland.com | *Attorneys for [24]7.ai, Inc.* |
| Joshua L. Simmons (admitted pro hac vice)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: joshua.simmons@kirkland.com | |

*Attorneys for Plaintiff LivePerson, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LIVEPERSON, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>[24]7.ai, INC.,<br><br>        Defendant. | Case No. 4:17-CV-01268-JST<br><br>**JOINT STATEMENT REGARDING IDENTIFICATION OF [24]7'S TRIAL WITNESSES** |

In accordance with the order of the Court at the September 13, 2019 pretrial conference (Tr. 59:14–60:8), LivePerson, Inc. and [24]7.ai, Inc. (collectively, "the parties") hereby submit this joint statement regarding the parties' proposals with respect to identification of [24]7's witnesses that it may call live at the trial commencing October 1, 2019.

**LivePerson's Position**

As LivePerson explained in the parties' Joint Pretrial Statement (Dkt. 606) and during the pretrial conference, the large number of [24]7's may call live witnesses (over 20) is prejudicial to LivePerson.  For each witness [24]7 calls live at trial, LivePerson must have sufficient time to prepare its cross examination for that witness, determine whether it should present evidence during its case-in-chief to address that witness' anticipated testimony, decide whether to call that witness adversely in LivePerson's case-in-chief, and decide how to budget its allotted 19.5 hours of witness testimony with an understanding of the total number of witnesses who will testify.[1] But to-date, [24]7 has disclosed only two fact witnesses, intending to leave the vast majority of its other witnesses a surprise until just two days before they are called to testify.  Indeed, [24]7's proposal to limit its may call witness to 10 with no total limits on [24]7's fact witnesses is still such a high number (12 as the lower limit, with no upper limit), it does nothing to ameliorate the prejudice of late disclosure to LivePerson.  As the Court noted during the pretrial conference, merely limiting the number of may call witnesses does not resolve the issue.  *See* Sept. 13, 2019 Pretrial Conf. Hearing Tr. at 58:2-11.

[24]7 cannot reasonably call 12-plus fact witnesses and three experts in the 19.5 hours it is allotted for witness testimony (not including time deducted for [24]7's cross examinations). [24]7 is engaging in litigation by ambush and it is inappropriate.  By contrast, LivePerson long ago disclosed its witnesses to [24]7, including its four fact witnesses (and only one LivePerson

---

[1] [24]7's contention that the timing issues are the same for LivePerson whether witnesses are called live or by video is incorrect.  For example, if [24]7's waits until the last minute to disclose which of its numerous witnesses it is calling live, LivePerson may have already allotted some of its trial time playing that witness' testimony during its case and would then have to spend additional time addressing the live testimony during cross examination.  This unfairness and inefficiency can be resolved by requiring [24]7 to disclose its five trial witnesses before LivePerson starts its case.

JOINT STATEMENT RE IDENTIFICATION OF [24]7'S TRIAL WITNESSES   2   CASE NO. 3:17-CV-01268-JST

may call witness). Now that the parties are only one and a half weeks out from trial, [24]7 should identify a reasonable number of may call live witnesses (no more than three) for a total of five live witnesses by this Friday, September 20, 2019.

LivePerson's proposal is reasonable and will avoid prejudice to either party. This close to trial, [24]7 has presumably identified the witnesses it believes are important to rebutting LivePerson's claims ([24]7 has no counterclaims or affirmative defenses). And five fact witnesses is one more than LivePerson is calling in its case. The relevance of any additional may call live witnesses is minimal. Moreover, all of [24]7's may call witnesses have been deposed (and all third parties were deposed by [24]7), so [24]7 can proffer their testimony via deposition designation, further minimizing any prejudice concerns. Finally, [24]7 has been on notice of this issue since at least August 5th, when LivePerson raised its prejudice concerns in a meet and confer and [24]7 expressed its intent to identify a narrowed list prior to the August 20th charge conference, which LivePerson relied upon in not raising the issue to the Court at that time. *See* Ex. A. But almost one month later and on the eve of trial, [24]7 has made no attempt to narrow its witness list. [24]7's unfair tactics should not be condoned.

For these reasons, LivePerson respectfully requests this Court limit [24]7 to a total of five live fact witnesses that it must disclose by September 20th.

### [24]7's Position

[24]7 proposes that it reduce the number of "may call live" witnesses to 10 or fewer witnesses by September 20, 2019. This reduction may be accomplished by a combination of removing witnesses from the "may call live" list and identifying witnesses as a "will call live" witness.

The Court should adopt [24]7's proposal because LivePerson's proposal that [24]7 be limited to 5 total fact witnesses is wholly insufficient to cover the sprawling set of issues that LivePerson apparently intends to present at trial and would greatly prejudice [24]7. LivePerson's trade secret case involves 15 alleged trade secrets relating to three customers: Optus, Sears, and Capital One. The Alleged Trade Secrets cover a large span of time. For example, the data alleged trade secret relating to Capital One spans the time period "from December 7, 2006 to

approximately October 31, 2014." Dkt. 606 at 4.  Moreover, different people at [24]7 worked on the relationships with the three customers, and their various lines of business, over the course of the 10+ year relevant time period.  LivePerson's proposal would limit [24]7 to, at most, one witness to cover each of Optus, Sears, and Capital One and thus greatly prejudice [24]7 by preventing it from putting on the witnesses necessary to present its defense.  The sheer scope of LivePerson's exhibit list and deposition designations demonstrate why [24]7's proposal is reasonable.  LivePerson identified more than 600 exhibits, as well as more than 20 witnesses it may call by deposition; it is not unreasonable for [24]7 to identify significantly more than 5 fact witnesses to attempt to rebut those exhibits and deposition videos.

[24]7 is trying to maximize the testimony presented to the jury by live witnesses.  Importantly, LivePerson does not dispute that [24]7 needs a large number of witnesses for the trial.  Rather, LivePerson seeks to force [24]7 to present its case via deposition video.  Deposition videos are, of course, a less preferable alternative to live testimony.  Furthermore, much of the prejudice of which LivePerson complains—such as the need for LivePerson to determine whether it should present evidence as part of its case-in-chief and to determine how to budget its time—is the same whether a witness testifies live or via video.  In any event, LivePerson has already disclosed which [24]7 witnesses it will call live in its case-in-chief.  And, of course, [24]7 did not depose its own employees (and it did not depose most of its former employees—two former employees living in India are the exception).  Accordingly, [24]7 cannot present its entire case through these deposition videos.

[24]7's proposal is also reasonable in view of the Court's recent orders on motions in limine and exhibit objections.  For example, the Court will allow LivePerson to make arguments relating to [24]7's "Kill LP" marketing campaign.  This necessitates that [24]7 put on a witness from its marketing group to explain that the campaign had nothing to do with the alleged trade secrets.  The Court will also allow LivePerson to use exhibits relating to companies not at issue, such as Citi.  Again, this requires that [24]7 put on a witness that can discuss its work for Citi.

LivePerson, not [24]7, seeks to litigate by ambush.  LivePerson has proposed dramatically limiting the number of potential [24]7 live fact witnesses from 26 to 5.  This would greatly

disrupt [24]7's trial preparations.  This is, indeed, the first time that LivePerson has suggested a limit on the total number of live fact witnesses that [24]7 can call — LivePerson had previously only complained about the number of "may call live" witnesses.  LivePerson should not be permitted to control the number of total fact witnesses that [24]7 presents to the jury.  The Court will impose a time limit on the parties, and [24]7 should be allowed to use its time as it sees fit to best present its case.

   For these reasons, the Court should select [24]7's proposal for limiting the number of fact witnesses.

   By his signature below, counsel for Defendant attests that counsel for Plaintiff concurs in the filing of this document.

Dated:  September 18, 2019     KIRKLAND & ELLIS LLP

By:   */s/ Sharre Lotfollahi*
     Sharre Lotfollahi

Attorneys for
LIVEPERSON, INC.

Dated:  September 18, 2019     O'MELVENY & MYERS LLP

By:   */s/ Darin Snyder*
     Darin Snyder

Attorneys for
[24]7.AI, INC.

# Ex. A

| | |
|---|---|
| **From:** | De Vries, Mike W. |
| **To:** | gyost@omm.com |
| **Cc:** | dsnyder@omm.com; aparker@omm.com; Alper, Adam R.; Lotfollahi, Sharre |
| **Subject:** | LivePerson v. [24]7 |
| **Date:** | Sunday, August 18, 2019 10:06:15 AM |

Hi Geoff,

I believe you mentioned that [24]7 would be able to let us know by about the time of this Tuesday's conference if there are any other witnesses on its "may call" list that it expects it will call at trial. Assuming I'm remembering correctly, is [24]7 still on track for that? Happy to chat about anything at your convenience, if that would be helpful.

Thanks,

- Mike

**Mike W. De Vries**
----------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 South Hope Street, Los Angeles, CA 90071
**T** +1 213 680 8590
**F** +1 213 680 8500
----------------------------------------------------
michael.devries@kirkland.com