Darin W. Snyder (State Bar No. 136003)
dsnyder@omm.com
Geoffrey H. Yost (State Bar No. 159687)
gyost@omm.com
Luann L. Simmons (State Bar No. 203526)
lsimmons@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Melody Drummond Hansen (State Bar No. 278786)
mdrummondhansen@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

*Attorneys for [24]7.ai, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LivePerson, Inc., <br><br>                 Plaintiff, <br><br>     v. <br><br> [24]7.ai, Inc., <br><br>                 Defendant. | Case No. 4:17-cv-01268-JST <br><br> **[24]7'S MOTION FOR POST-TRIAL RELIEF** <br><br> Hearing: December 9, 2021 <br> Time: 2:00 p.m. <br> Place: Courtroom 9, 19th Floor <br> Judge: Hon. Jon S. Tigar |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 9, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant [24]7.ai, Inc. ("[24]7") hereby moves for an judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 or, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59.

On June 17, 2021, the jury in this case returned a verdict in favor of Plaintiff LivePerson, Inc. ("LivePerson") and against Defendant [24]7, as to LivePerson's claims of trade secrets misappropriation and unfair competition, and it awarded $6.74 million in compensatory damages and $23.59 million in punitive damages.  On August 3, 2021, the Court entered a judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure reflecting the jury's verdict.

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, [24]7 renews its motion for judgment as a matter of law on all of LivePerson's trade secrets misappropriation claims and its unfair competition claim for the same reasons given in support of its Rule 50(a) motion.  [24]7 also moves for judgment as a matter of law that the record does not support the award of any punitive damages.  And even if punitive damages are not unavailable as a matter of law, [24]7 moves for a new trial and/or amended judgment under Rule 59 of the Federal Rules of Civil Procedure because the amount of punitive damages awarded by the jury is excessive and unsupported by the evidence at trial; under both New York law and the federal Due Process Clause the maximum permissible punitive damage award is $6.74 million, given the jury's award of compensatory damages.

In the alternative, [24]7 is entitled to a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.  [24]7 is entitled to a new trial because the jury's verdict on all claims is against the weight of the evidence.  [24]7 is also entitled to a new trial because [24]7 was

substantially prejudiced by two crucial evidentiary errors:  This Court refused to allow the jury to consider crucial evidence of LivePerson's racist views towards [24]7, and it separately allowed the admission of an irrelevant and dated email chain concerning a customer that is not at issue in the case.[1]

The foregoing motions are based on the Federal Rules of Civil Procedure, the files and records in this action, [24]7's oral Motion for Judgment as a Matter of Law (*see* Trial Tr. 2345:2-2410:9), and any and all other materials submitted to the court on or before the time of its decision in this matter.  For the above reasons, among others to be further detailed in [24]7's forthcoming memorandum of points and authorities in support,[2] [24]7 requests that the court enter judgment as a matter of law on all trade secrets misappropriation claims and the unfair competition claim, as well as on the availability of punitive damages, or, alternatively, that the court order a new trial and/or alter the judgment to reduce the amount of punitive damages.

---

[1] [24]7 also reserves its right to present other evidence and argument in response to any post-trial motions filed by LivePerson and to present other evidence and argument on appeal.

[2] Pursuant to the Court's July 26, 2021 Order and August 31, 2021 Order entering the parties' stipulated proposed order regarding post-trial briefing, *see* Dkt. 804, Dkt. 813, [24]7 will file its briefing in support of these post-trial motions on or before September 3, 2021.

MOTION FOR POST-TRIAL RELIEF
4:17-CV-01268-JST

1

2   August 31, 2021                                     Respectfully submitted,

3                                                       O'MELVENY & MYERS LLP

4

5                                                       By   /s/ Darin W. Snyder
                                                             Darin W. Snyder

6
                                                        Luann L. Simmons
7                                                       Geoffrey H. Yost
                                                        Two Embarcadero Center, 28th Floor
8                                                       San Francisco, California  94111

9                                                       Melody Drummond Hansen
                                                        2765 Sand Hill Road
10                                                      Menlo Park, CA 94025

11                                                      Attorneys for [24]7.ai, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR POST-TRIAL RELIEF
                                                                                                   4:17-CV-01268-JST