| | |
|---|---|
| Michael W. De Vries (State Bar No. 211001) | Darin W. Snyder (State Bar No. 136003) |
| michael.devries@kirkland.com | dsnyder@omm.com |
| Benjamin A. Herbert (State Bar No. 277356) | Luann L. Simmons (State Bar No. 203526) |
| benjamin.herbert@kirkland.com | lsimmons@omm.com |
| KIRKLAND & ELLIS LLP | Geoffrey H. Yost (State Bar No. 159687) |
| 555 South Flower Street | gyost@omm.com |
| Los Angeles, CA 90071 | O'MELVENY & MYERS LLP |
| Telephone: (213) 680-8400 | Two Embarcadero Center, 28th Floor |
| Facsimile: (213) 680-8500 | San Francisco, CA 94111-3823 |
| | Telephone: (415) 984-8700 |
| Sharre Lotfollahi (State Bar No. 258913) | Facsimile: (415) 984-8701 |
| sharre.lotfollahi@kirkland.com | |
| KIRKLAND & ELLIS LLP | Melody Drummond Hansen |
| 2049 Century Park East | (State Bar No. 278786) |
| Los Angeles, CA 90067 | mdrummondhansen@omm.com |
| Telephone: (310) 552-4200 | O'MELVENY & MYERS LLP |
| Facsimile: (310) 552-5900 | 2765 Sand Hill Road |
| | Menlo Park, CA 94111 |
| Adam R. Alper (State Bar No. 196834) | Telephone: (650) 473-2600 |
| adam.alper@kirkland.com | Facsimile: (650) 473-2601 |
| KIRKLAND & ELLIS LLP | |
| 555 California Street | *Attorneys for Defendant [24]7.ai, Inc.* |
| San Francisco, CA 94104 | |
| Telephone: (415) 439-1400 | |
| Facsimile: (415) 439-1500 | |
| | |
| Joshua L. Simmons (admitted *pro hac vice*) | |
| joshua.simmons@kirkland.com | |
| KIRKLAND & ELLIS LLP | |
| 601 Lexington Avenue | |
| New York, NY 10022 | |
| Telephone: (212) 446-4800 | |
| Facsimile: (212) 446-4900 | |

*Attorneys for Plaintiff LivePerson, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LIVEPERSON, INC., | Case No. 4:17-CV-01268-JST |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER RE PERMANENT INJUNCTION** |
| v. | |
| [24]7.ai, INC., | |
| Defendant. | |

1    WHEREAS, Plaintiff LivePerson, Inc.'s ("LivePerson") moved this Court for a permanent
2    injunction (Dkt. 819), enjoining Defendant [24]7.ai, Inc. ("[24]7");
3    WHEREAS, [24]7 has been found liable for trade secret misappropriation of the following
4    15 trade secrets (collectively, the "LivePerson Phase I Trade Secrets"):

**Alleged Trade Secret A:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Capital One specified in Exhibit PTX 1 (Bates 247_SDNY559_001841516);

**Alleged Trade Secret B:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Capital One specified in Exhibit PTX 2 (Bates 247_SDNY559_001841673);

**Alleged Trade Secret C:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 3 (Bates 247_SDNY559_000955379);

**Alleged Trade Secret D:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 4 (Bates 247_SDNY559_002249623);

**Alleged Trade Secret E:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 5 (Bates 247_SDNY559_001844864);

**Alleged Trade Secret F:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 6 (Bates 247_SDNY559_002249624);

**Alleged Trade Secret G:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 7 (Bates 247_SDNY559_002782716);

**Alleged Trade Secret H:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 8 (Bates 247_SDNY559_002787817);

**Alleged Trade Secret I:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 10 (Bates 247_SDNY559_002891967);

**Alleged Trade Secret J:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Optus specified in Exhibit PTX 11 (Bates 247_SDNY559_001050253);

**Alleged Trade Secret K:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Sears specified in Exhibit PTX 9 (Bates 247_SDNY559_002804621);

**Alleged Trade Secret L:** the conditions for action, the specific variables taken as inputs to the conditions, and the particular actions taken with respect to the rules relating to Sears specified in Exhibit PTX 12 (Bates 247_SDNY559_001751617);

**Alleged Trade Secret M:** the XML data collected by LivePerson's chat platform analytics and reporting features available to chat agent managers and administrators and contained in downloadable reports for Capital One from December 7, 2006 to approximately October 31, 2014;

**Alleged Trade Secret N:** the XML data collected by LivePerson's chat platform analytics and reporting features available to chat agent managers and administrators and contained in downloadable reports for Optus from September 7, 2010 to approximately November 30, 2012; and

**Alleged Trade Secret O:** the XML data collected by LivePerson's chat platform analytics and reporting features available to chat agent managers and administrators and contained in downloadable reports for Sears from September 18, 2009 to approximately December 31, 2014;

For avoidance of doubt, and without waiver or admission of any position with respect to identification of these trade secrets, Alleged Trade Secrets M, N, and O do not include chat transcripts;

WHEREAS, in the interest of avoiding further litigation regarding a permanent injunction, LivePerson and [24]7 wish to stipulate to the terms of a permanent injunction addressing the LivePerson Phase I Trade Secrets;

WHEREAS, LivePerson, contingent on the Court entering the stipulated permanent injunction, will withdraw its motion for a permanent injunction. If, however, the Court does not

enter the stipulated permanent injunction, LivePerson agrees that [24]7 should be permitted to oppose LivePerson's motion for a permanent injunction, and LivePerson should be permitted to file a reply in support of its motion for a permanent injunction;

WHEREFORE, LivePerson and [24]7 stipulate as follows:

LivePerson is entitled to a permanent injunction that provides the following:

1. [24]7 and its officers, agents, servants, employees, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, are permanently enjoined from using or disclosing LivePerson Phase I Trade Secrets or derivatives thereof, such as documents or data, whether in electronic or physical form, that discuss, forward, reference, or substantially incorporate the LivePerson Phase I Trade Secrets.

2. [24]7 shall remove from its networks or systems and destroy all LivePerson Phase I Trade Secrets or derivatives thereof, such as documents or data, whether in electronic or physical form, that discuss, forward, reference, or substantially incorporate the LivePerson Phase I Trade Secrets, that [24]7 reasonably knows to be in its possession or control, whether obtained or taken directly from LivePerson, from a current or former customer, or from any other person or source, and certify to the Court when such destruction has been completed.

3. Notwithstanding any provision herein to the contrary, [24]7's outside counsel in this litigation, O'Melveny & Myers LLP, may continue to possess and to use the trade secrets described above solely for the purposes of representing [24]7 in this or related litigation and to advise [24]7 in complying with this Injunction.

**IT IS SO STIPULATED.**

Dated: October 19, 2021                                    KIRKLAND & ELLIS LLP

                                                           By:  */s/ Benjamin A. Herbert*
                                                                 Benjamin A. Herbert

                                                           Attorneys for Plaintiff LivePerson, Inc.

Dated:  October 19, 2021

O'Melveny & Myers LLP

By: */s/ Geoffrey H. Yost*
      Geoffrey H. Yost

Attorneys for Defendant [24]7.ai, Inc.

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Geoffrey H. Yost.

By: */s/ Benjamin A. Herbert*
Benjamin A. Herbert

## ~~[PROPOSED]~~ ORDER RE PERMANENT INJUNCTION

The parties having stipulated hereto, and good cause appearing, the Court **ORDERS** as follows:

1. [24]7 and its officers, agents, servants, employees, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, are permanently enjoined from using or disclosing LivePerson Phase I Trade Secrets or derivatives thereof, such as documents or data, whether in electronic or physical form, that discuss, forward, reference, or substantially incorporate the LivePerson Phase I Trade Secrets.

2. [24]7 will remove from its networks or systems and destroy all LivePerson Phase I Trade Secrets or derivatives thereof, such as documents or data, whether in electronic or physical form, that discuss, forward, reference, or substantially incorporate the LivePerson Phase I Trade Secrets, that [24]7 reasonably knows to be in its possession or control, whether obtained or taken directly from LivePerson, from a current or former customer, or from any other person or source, and certify to the Court when such destruction has been completed.

3. Notwithstanding any provision herein to the contrary, [24]7's outside counsel in this litigation, O'Melveny & Myers LLP, may continue to possess and to use the trade secrets described above solely for the purposes of representing [24]7 in this or related litigation and to advise [24]7 in complying with this Injunction.

**IT IS SO ORDERED.**

DATED: October 21, 2021

Hon. Jon S. Tigar
United States District Court Judge